UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT


In re:

MARK ALLEN TABIT and
BARBARA JEANNE TABIT,                    Case No. 12-34517
                                         Chapter 7
              Debtor.                    Hon. Daniel S. Opperman

_____/

OPINION REGARDING MOTION FOR PROTECTIVE ORDER FILED BY CREDITORS
MICHAEL JONES AND VICTOR LOTYCZ

        The issue in this case is whether state court officers/bailiffs, Michael Jones and Victor

Lotycz, are entitled to reasonable compensation as "custodians" as that term is defined under 11

U.S.C. § 101(11), for purposes of 11 U.S.C. § 543(c), and if so, in what amount.  The Court

conducted a hearing on the Motion for Protective Order filed Mr. Jones and Mr. Lotycz on

January 9, 2013, to which Debtors objected to any compensation being awarded.  At the

conclusion of that hearing, the Court concluded that Mr. Jones and Mr. Lotycz are "custodians"

for purposes of Section 543(c) of the Bankruptcy Code, and further directed counsel for Mr.

Jones and Mr. Lotycz to file copies of the documents supporting their request for compensation.

Mr. Jones and Mr. Lotycz filed a Memorandum Regarding Expenses, to which Debtors filed a

reply.  The Court now issues its decision on the issue of reasonable compensation

Jurisdiction

        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and

E.D. Mich. LR 83.50.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (allowance or

1

disallowance of claims against the estate).

The issues in this case arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

<u>Facts</u>

State court officers Michael Jones and Victor Lotycz performed an execution of Debtors' vehicles, a 2002 Chevrolet Trailblazer and a 2003 Chevrolet Astro. The execution was performed prior to Debtors' bankruptcy filing on November 16, 2012, based upon a pre-petition state court judgment. Mr. Jones and Mr. Lotycz assert that they are "custodians" as that term is defined and used for purposes of Section 543(c). In the Motion, Mr. Jones and Mr. Lotycz assert that they are required to return the vehicles to Debtors and are prepared to do so, upon the condition that reasonable compensation for their services is paid, broken down as follows pursuant to the Movants' most recent post-hearing briefs:

<u>Costs and Expenses</u>:

Towing and Storage: $615.00

Appraisals: $200

Postings: $250

The parties agree that an execution was performed with regard to only one vehicle, the 2002 Chevrolet Trailblazer. In addition to the Chevrolet Trailblazer, a SW357 Magnum gun was executed upon by Movants. Neither of these items have been sold. It appears, based upon the

2

receipts and documentation attached to Movants' post-hearing brief, that the costs and expenses listed above pertain only to the Chevrolet Trailblazer and the Magnum gun. Mr. Jones and Mr. Lotycz also request compensation for attorney fees in the total amount of $3,062.50, consisting of 8.75 hours at $350.00 per hour. Thus, the total sought by Mr. Jones and Mr. Lotycz for costs, expenses and attorney fees is $4,127.50.

Mr. Jones and Mr. Lotycz further assert that the filing of the bankruptcy should be considered a "settlement" pursuant to M.C.L. 600.2559(1)(i) as occurring post-execution and pre-sale, and compensation over and above costs in that situation is seven percent of the first $5,000.00, and three percent of anything over $5,000.00, for a total of $1,497.00, based upon the value of the vehicles.

Debtors object, asserting the towing fees are excessive because they include storage charges, and the subject vehicle was stored longer than was necessary due to Mr. Jones' deer hunting trip delaying the release of the vehicle. Debtors also assert this charge is excessive and not reasonable. Debtors object to the appraisal entirely, asserting that such was unnecessary because it was performed on December 16, 2012, well after the execution was performed on November 11, 2012, and after the bankruptcy was filed on November 16, 2012. Debtors object to the posting as unnecessary as well, because Mr. Jones was aware of the imminent bankruptcy filing and the fact that the posting would be pointless. Finally, Debtors assert that while the 3.5 hours for attorney fees charged is reasonable, the hourly rate of $350 is excessive.

## Law

At the January 9, 2013, hearing, the Court concluded that Mr. Jones and Mr. Lotycz are "custodians" for purposes of Section 543(c). This is consistent with Chief Judge Shefferly's

3

well-reasoned recent decision in the case of *In re Ohakpo*, No. 12-66874, 2013 WL 794347, at *9 (Bankr. E.D. Mich. March 4, 2013). For sake of brevity, this Court adopts the reasoning of *Ohakpo*. In *Ohakpo*, Chief Judge Shefferly held that the very same court officer at issue in this case, Mr. Lotycz, was a "custodian" entitled to reasonable compensation pursuant to Section 543(c).[1] *Id.* Chief Judge Shefferly also determined the extent to which the custodian was entitled to compensation pursuant to Section 543(c)(2), holding that the maximum award consisted of costs proven by the evidence, as well as compensation for the court officer's services limited to the $32.00 fee provided for by M.C.L. § 600.2559(1)(h).[2] *Id.* at *10-*11. Chief Judge Shefferly determined that Mr. Lotycz was not entitled to compensation pursuant to M.C.L. § 600.2559(1)(i) or (j)[3] because those subsections do not provide for "additional

---

[1] Mr. Jones was also a movant in the *Ohakpo* case, but was determined to not be a custodian because he was not appointed or authorized by state court order. Such has not been asserted as a defense by Debtors in this case as to either Mr. Jones or Mr. Lotycz.

[2] M.C.L. § 600.2559(1)(h) provides that a court officer is entitled to fees:

(h) For levying under or serving an order for the seizure of property and any accompanying paper, $32.00 plus mileage, plus the actual and reasonable expense for seizing and keeping the property under the order.

[3] M.C.L. § 600.2559(1)(i) and (j) provide for fees for a court officer:

(i) If the person has seized property under an order for the seizure of property issued in an action in which a judgment is entered against the owner of the property, regardless of whether the judgment is entered before or after the order is issued, and if the judgment is satisfied prior to sale of the seized property by full payment of the judgment or settlement between the parties, 7% of the first $5,000.00 of the payment or settlement amount and 3% of the payment or settlement amount exceeding the first $5,000.00.

(j) For sale of property seized under an order for the seizure of property, 7% of the first $5,000.00 in receipts and 3% of any receipts exceeding the first $5,000.00.

4

compensation in circumstances like [in that] case where the seized property was not sold and where there is no evidence of either payment or settlement of the judgment by the judgment creditor." *Id*. at *11.

Chief Judge Shefferly then turned to the issue of how the custodian would get paid his costs once the amount of costs and fees was determined. Chief Judge Shefferly determined that there is no authority under Michigan law for the proposition that a judgment debtor is personally liable to a court officer for these fees and costs, whether or not a bankruptcy is filed. *Id*. With regard to a bankruptcy situation, "even if Michigan law did provide for a court officer to have personal recourse against the judgment debtor, which it does not, there is nothing in the Bankruptcy Code that would make such liability non-dischargeable debt in a Chapter 7 case." *Id*. Chief Judge Shefferly noted that there is no exception to discharge for this particular type of debt listed in Section 523 of the Bankruptcy Code, and even if an exception were to be argued, an adversary proceeding to determine dischargeability of debt would be the first procedural step to take. *Id*. at *11-*12.

<u>Analysis</u>

First, turning to the amount of fees, the Court finds that in addition to the statutory $32.00 provided for in M.C.L. § 600.2559(1)(h), Movants are entitled to $615.00 incurred by them for towing, mileage and storage services performed by Spark's Towing, Inc. A detailed receipt for this charge is attached to Movants' post-hearing brief. However, similar receipts are not included for the claimed charges of $200 for the two appraisals and $250 for the postings. The two separate appraisals performed for the Chevrolet Trailblazer and the Magnum gun are attached as Exhibit C to Movants' post-hearing brief, but do not include any indication of the

5

charge for said appraisals, let alone a receipt for such. Further, with regard to the $250 posting charge, while Movants attach a "Certificate of Posting Notice of Sale" as Exhibit B to their post-hearing brief, such does not establish that the cost incurred was the $250 claimed (20 postings at $12.50 each). Accordingly, the Court awards costs to Movants in the amount of $615.00 for towing, mileage and storage charges. This charge, in addition to the $32.00 allowance for a court officer's fees pursuant to M.C.L. § 600.2559(1)(h), equals a total for fees and compensation of $647.00.

As to claimed attorney fees, the Court concludes that such are not authorized by statute and are not otherwise compensable as an actual and reasonable expense. Movants have provided no receipt showing payment made to their counsel. Further, there is no separate statutory authority for payment of Movant's attorney fees under the facts and circumstances of this case.

Finally, this Court concludes that Mr. Jones and Mr. Lotycz are not entitled to compensation pursuant to M.C.L. § 600.2559(i) because the underlying state court judgment has not been satisfied by full payment or a settlement between Debtors and the judgment creditor. The Court does not consider Debtors' bankruptcy filing to be a settlement as contemplated by M.C.L. 600.2559(1)(i). Compensation under M.C.L. § 600.2559(1)(j) is not available to Movants either because the subject property has not been sold.

This Court agrees with Chief Judge Shefferly in *Ohakpo* that Debtors in this case are not personally liable to Mr. Jones and Mr. Lotycz under Michigan law or under federal bankruptcy law. There is no dispute that the normal course for collection of costs and fees for court officers such as Mr. Jones and Mr. Lotycz is through the in rem rights available when the subject property is later sold. In this case, the subject property was not sold. Further, there is no

authority for the proposition that the subject costs and fees are nondischargeable under Section 523 of the Bankruptcy Code. Thus, even if Debtors were personally liable for these fees and costs, there is no authority under the Bankruptcy Code to conclude that these fees and costs will not be discharged through Debtors' bankruptcy.

Conclusion

For the above-stated reasons, the Court determines Mr. Jones and Mr. Lotycz, jointly and not individually, are entitled to reasonable compensation in the amount of $647.00, as custodians pursuant to Section 543(c)(2). This amount shall constitute an in rem charge against the 2002 Chevrolet Trailblazer and the SW357 Magnum, subject only to valid liens and charges having priority under applicable non-bankruptcy law *See Ohakpo*, 2013 WL 794347, at *15. The Court directs Movants Jones and Lotycz, as the prevailing parties, to prepare and present an appropriate order consistent with this Opinion.

**Not for Publication**
Signed on March 21, 2013

                        /s/ Daniel S. Opperman
                        Daniel S. Opperman
                        United States Bankruptcy Judge